**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE VILLEGAS, individual and on behalf of all others similarly situated, | No. C 09-00261 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 6] |
| J.P MORGAN CHASE & CO. et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss [Docket No. 6], Plaintiff's Opposition [Docket No. 13] and Reply [Docket No. 14]. Having considered the motions, briefs and declarations, and for the reasons given below, the Court GRANTS in part and DENIES in part the motion.

## BACKGROUND

This is a putative wage and hour class action. The case was brought in state court and removed based on the jurisdiction of the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453. All Plaintiff's claims arise out of state law.

**A.    Individual Allegations and Causes of Action.**

Plaintiff Nicole Villegas was employed by the defendants as a "funder" for three months, terminating on or about September 3, 2008. The defendants are J.P. Morgan Chase & Co., JPMorgan Chase Bank, N.A., Chase Bank USA, N.A. and Does 1-50. [Compl. ¶¶ 8, 9-12]. Villegas alleges, on behalf of herself, the following facts:

(1) she was not paid all wages owed, including commission wages, in a timely fashion at the end of employment. [Compl. ¶8, 41-42].

(2) she was not paid overtime wages at the correct overtime rate of pay because the defendants, as a pattern and practice, failed to include all paid non-discretionary commissions/bonuses [sic] other incentive pay into the regular rate when calculating and

1 paying her overtime. [Compl. ¶¶ 8, 48].

2 (3) she was not paid all of her vested unused vacation wages at the end of her employment,
3 or at all.  [Compl. ¶¶ 8, 36].

4 (4) the defendants did not keep accurate records of her work and payment. [Compl. ¶ 8].

Villegas further alleges the defendants have a policy of not paying members of the class all overtime wages earned [Compl. ¶ 22], not paying them all commission wages earned [Compl. ¶ 22], failing to maintain accurate records [Compl. ¶ 23] and of paying their employees' final wages late. [Comp. ¶ 22].

The above-stated allegations purportedly form the basis of the following causes of action:

(1) First Cause of Action: a violation of California Labor § 227.3 for nonpayment of accrued vacation wages at termination;

(2) Second Cause of Action:  a claim for waiting time penalties under § 203 for the defendants' alleged failure to pay commission wages due and owing upon separation from employment;

(3) Third Cause of Action:  a claim for waiting time penalties under § 203 for the defendants' alleged failure to properly calculate overtime pay by failing to include non-discretionary commissions/bonuses into the regular rate of pay;

(4) Fourth Cause of Action: a claim for waiting time penalties under § 203 for the failure to pay final wages pursuant to §§ 201-204;

(5) Fifth Cause of Action: a claim under § 226 for defendants' alleged failure to keep accurate payroll records; and

(6) Sixth Cause of Action:  a claim for unfair business practices under the California Business and Professions Code § 17200 *et seq.*, for the above-recited Labor Code, *i.e.*, alleged failure to compensate employees for all overtime hours worked, not compensating employees for all commission wages earned, forfeiting earned and unused vacation wages, and failing to keep proper payroll records.

2

**B.     Class Allegations**.

Plaintiff purports to bring her claim on behalf of five classes:

(1) all past and current non-exempt employees of the defendants, who were employed in California from December 17, 2004, through the present, and who were paid overtime wages and also paid commission wages and other non-discretionary incentive pay or bonuses;

(2) past employees of the defendants who were employed in California from December 17, 2004, through the present, who were not paid all unused vested vacation wages at the end of their employment;

(3) all past and current employees of the defendants who were employed in California from December 17, 2004, through the present, who were provided wage statements;

(4) all past employees of the defendants employed in California from December 17, 2004, through the present, who received commission wages beyond 72 hours from the date of termination; and

(5) all past employees of the defendants employed in California from December 17, 2004, through the present, whose final pay was paid beyond 72 hours from the date of termination. [Compl. ¶ 19].

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought." A pleading that fails to meet this standard may be dismissed under Federal Rule of Civil Procedure 12(b)(6).

When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [. . .]. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65 (internal citations omitted).

In *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197 (2007) (per curiam), decided two weeks after *Twombly*, the Court clarified that *Twombly* did not signal a switch to fact-pleading in the federal courts. *Erickson* reaffirms that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " 127 S.Ct. at 2200, quoting *Twombl*y, 127 S.Ct. at 1964. In the wake of *Twombly* and *Erickson*, the Seventh Circuit clarifies the amount of detail that is required by Rule 8(a) and, thus, the detail required for a claim to survive a motion to dismiss: [t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 - 668 (7th Cir. 2007).

**DISCUSSION**

**I.      The Legal Standard for a Motion to Dismiss under 12(b)(6).**

As a threshold matter, the Court notes the parties' respective arguments about the proper standard for a motion to dismiss after the Supreme Court's opinion in *Twombly*. In spite of arguments to the contrary, the pleading standard under the Federal Rules of Civil Procedure is unchanged and, so too, the 12(b)(6) standard.

First, the notice pleading standard was not retired by the Supreme Court in *Twombly*. The Court held that the complaint did not include plausible grounds to infer an unlawful and anti-competitive conspiracy among the defendants because it is perfectly routine market behavior for businesses to resist competition. Thus, the complaint would have needed to allege some additional factual context to raise the inference of an illegal agreement based solely on rational, lawful behavior.

By requiring plausibility on the face of the complaint, the Supreme Court was not re-writing Rule 8(a)(2)'s requirement of a short and plain statement.  Rule 8(a) does not require a claimant to set out in detail the facts upon which his or her claim is based, however, something more than a blanket assertion of entitlement of relief is required.  Rule 8(a) requires a claimant to provide "fair notice"of the nature of the claim and the "grounds upon which it rests." *Twombly*, 127 S.Ct. 1955, fn. 3.  *See also Erickson*, 127 S.Ct. at 2200, quoting *Twombly*, 127 S.Ct. at 1964.

The *Twombly* standard, moreover, is of general application and is as easily applied to wage and hour litigation as antitrust.  As the Seventh Circuit pointed out, *Erickson* and *Twombly* taken together teach that a complaint which cannot survive a 12(b)(6) motion is one that "may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video,* 499 F.3d at 667-668.

## II.    Dismissal of the Plaintiff's Complaint.

Defendant's primary argument is that Plaintiff's allegations are speculative and the complaint is devoid of any facts to support mere boilerplate, conclusory allegations.  Specifically, the defendants assert Villegas has not alleged any facts to support allegations that she herself is even entitled to or owed vacation pay, commissions and overtime wages.   Further, that she has alleged no facts which identify any specific company policy or procedure that resulted in the defendants' alleged failure to pay her such wages.

The complaint does not provide great factual detail as to Plaintiff Villegas.  She worked briefly as a "funder," but the complaint does not state whether she was an exempt or non-exempt employee.  Villegas argues that paragraph 8 of the Complaint specifically alleges "Plaintiff was a non-exempt employee – one entitled to overtime wages," but nowhere in paragraph 8 does that language appear.  Opp'n at page 7.  Paragraph 8 states:

> Plaintiff NICOLE VILLEGAS was employed by DEFENDANTS as a Funder for approximately 3 months until on or about September 3, 2008. DEFENDANTS did not pay Plaintiff all wages owed, including commission wages, in a timely fashion at the end of employment and did not pay Plaintiff overtime wages at the correct overtime rate of pay.  DEFENDANTS did not pay Plaintiff all of her vested unused vacation wages at the end of her

> employment and still have not paid these wages. DEFENDANTS did not keep accurate records of Plaintiff's work and payment. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived her of the rights guaranteed her by the California Labor Code §§ 201-204, 226, 227.3, 1194, 1194.2, California Business and Profession Code § 17200, et seq. (Unfair Practices Act).

Complaint, ¶ 8.

As paragraph 8 demonstrates, the facts alleged include (1) she did not receive her vested unused vacation wages at the end of her employment, (2) her final wages were not timely paid, (3) her wages failed to include commissions she was owed, (4) her overtime wages were not properly calculated because they did not include commission wages in the regular rate of pay, and (5) her payroll records were not accurately maintained. [Compl. ¶¶ 8, 36, 48].

**A.    First Cause of Action: Payment of Unused Vested Vacation Wages.**

Section 227.3 of the California Labor Code states:

> Unless otherwise provided by a collective bargaining agreement, whenever a contract of employment or employer policy provides for paid *vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.* [ . . . ].

Plaintiff alleges in paragraph 36: "Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal pay day, personal holiday pay, and/or floating holiday pay) that were not paid out to her in a timely fashion at the end of her employment." [Compl. ¶ 36]. This is not a conclusory allegation. The plaintiff states she had unused vacation wages and they were not timely paid when she ended her employment. This allegation surely accomplishes the goals of Rule 8(a): the defendants have notice they are being sued under Labor Code §227.3 for not paying Villegas vacation wages which she alleges were both vested and unused. If plaintiff proves these facts, the defendants have violated § 227.3, thus the plaintiff has stated a claim upon which relief may be granted.

The motion to dismiss the first cause of action is DENIED.

**B.     Second Cause of Action: Failure to Pay Commission Wages.**

Plaintiff alleges in paragraphs 41 and 42 that defendants violated the state Labor Code by not paying her commission wages: "Defendants were required to compensate Plaintiff and class members payment of commission wages *earned by said individuals*" and they "regularly denied Plaintiff and class members payment of commission wages *earned by said individuals*." [Compl. ¶¶ 41-42]. Plaintiff is a "said individual" who allegedly earned commission wages and was denied those wages. The defendants have notice of the claim and the grounds upon which the claim rests, and, if plaintiff proves these facts, she is entitled to relief.

The motion to dismiss the second cause of action is DENIED.

**C.     Third Cause of Action: Failure to Pay Overtime Wages.**

This claim is problematic for two reasons. First, Plaintiff argues in response to the motion to dismiss for insufficient facts that paragraph 47 of the complaint states the "fact" that she worked more than 40 hours in a work-week and more than 8 hours in a work day, thus entitling her to overtime pay. Opp'n at 7. Paragraph 47 states no such thing. It alleges generally, without reference to the plaintiff, "[a]t all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194." That is a statement of the law as it applies to employers and not a statement of facts as they apply to the plaintiff. Thus, Paragraph 47 of the Complaint does not provide the factual basis for Villegas' claim that she was entitled to overtime wages which were either untimely paid, or improperly calculated.

Plaintiff attempts to state a claim by reciting that she did not receive properly computed overtime wages. Compl. ¶ 8. This allegation does not state an overtime wage claim because it is not much more informative than an allegation that she was not paid for overtime work in general. Defendants cite to *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 630 (S.D.N.Y. 2007), for the proposition that "[s]imply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." (citing *Acosta v. The Yale Club*, 1995 WL

600873 (S.D.N.Y. 1995)). In *Zhong*, the trial court was not persuaded plaintiff had met his burden as to the overtime pay claim because of an internal contradiction in the complaint. The plaintiff referred both to having "regularly worked overtime hours," and then alleged working hours that only added up to twenty hours in a week. However, the trial court acknowledged that the plaintiff may have been simply describing the plaintiff's typical weekly hours and the possibility existed that he worked beyond forty hours on one or more occasions, thus creating a plausible claim for overtime hours. *Id.* at 630.

On the face of the Complaint, there are insufficient facts to state a claim for overtime wages. For these reasons, the Court GRANTS the motion to dismiss the third cause of action for overtime wages WITH LEAVE TO AMEND.

**D.     Fourth Cause of Action:  Violations of Labor Code §§ 201-203.**

The fourth cause of action for untimely non-payment of wages is supported by the allegation in paragraph 8 of the Complaint: "DEFENDANTS did not pay Plaintiff all wages owed, including commission wages, in a timely fashion at the end of employment." She has alleged she earned commissions that were unpaid, and if she proves that fact, together with the fact that those commission wages remained unpaid at the end of her employment, she is entitled to relief under Labor Code §203.

The motion to dismiss the fourth cause of action is DENIED.

**E.     Fifth Cause of Action: Failure to Maintain Accurate Records of Pay**.

The apparent factual basis for the fifth cause of action is recited in paragraph 8 where the plaintiff alleges her payroll records were not accurately maintained. Defendants argue that "to the extent that this cause of action is merely derivative of Plaintiff's causes of action seeking vacation, commission or overtime wages, Plaintiff's record-keeping claim should be dismissed for the same reasons as the underlying claims." Motion at 6. The Court agrees.

From the face of the complaint, it is not apparent that Villegas states a claim for which relief can be granted. It appears more likely that she is attempting to take her substantive claims and

8

bootstrapping a record-keeping violation into the complaint. If the basis for the claim is that the overtime rate is incorrectly calculated, then the claim is entirely derivative of the third cause of action and should be dismissed. If, however, the basis of the fifth cause of action is that the plaintiff's pay records do not accurately record commissions she earned or vacation time she accrued, then she has arguably stated a claim.

Without amendment, the complaint merely recites the elements of Labor Code § 226(a) by generally alleging that "Defendants failed to keep accurate records of Plaintiff's and the class members rates of pay, rates of overtime pay, net wages earned, daily or weekly overtime pay, commissions earned and/or vacation earned." Compl. ¶ 60. For this reason, the Court GRANTS with LEAVE TO AMEND the motion to dismiss the fifth cause of action.

### F. Sixth Cause of Action: Unfair Business Practice.

The Section 17200 claim is dismissed for failure to state a claim based on violations of California Labor Code Sections 203 and 226. In wage and hour litigation against *Wal-Mart*, this Court held twice that "claims pursuant to Labor Code §§ 203 and 226 cannot support a § 17200 claim" and dismissed Section 17200 claims on the pleadings. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 619 (N.D. Cal. 2007)(Armstrong, J); *Rubin v. Wal-Mart*, 02-4214-SBA (Order Granting Motion to Dismiss, entered February 25, 2009). *See also Tomlinson v. Indymac Bank*, F.S.B., 359 F.Supp. 2d 891, 895 (C.D.Cal.2005) (granting judgment on the pleadings on ground that Labor Code § 203 provides for a penalty, not wages, which cannot be raised through § 17200 claim).

Accordingly, the Court GRANTS the motion to dismiss the sixth cause of action with respect to claims based on Labor Code §§ 203 and 226 and DENIES the motion with respect to a claim based on Labor Code § 227.3.

### G. Class Allegations.

Because the defendants only specifically address the dismissal of the class allegations in the reply brief, the Court DENIES WITHOUT PREJUDICE the motion to dismiss them. *Zamani v.*

*Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (A "court need not consider arguments raised for the first time in a reply brief.").

## **CONCLUSION**

For the reasons stated, the Court DENIES the motion to dismiss the First, Second and Fourth Causes of Action. The Court GRANTS with LEAVE TO AMEND the motion to dismiss the Third and Fifth Causes of Action. The Court GRANTS in part and DENIES in part the motion to dismiss the Sixth Cause of Action.

IT IS SO ORDERED.

Dated: 3/6/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

10