CARRIE A. GONELL, State Bar No. 257163
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
Email: cgonell@morganlewis.com

LAUREN S. KIM, State Bar No. 210572
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
Email: lkim@morganlewis.com

Attorney for Defendants
JPMORGAN CHASE & CO., JPMORGAN CHASE BANK,
N.A., and CHASE BANK USA, N.A.

PETER M. HART, State Bar No. 198691
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Tel: 310.478-5789
Fax: 509.561.6441
Email: hartpeter@msn.com

*   Additional Plaintiff's Counsel Listed
    On Following Page

Attorneys for Plaintiff NICOLE VILLEGAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE VILLEGAS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; J.P. MORGAN CHASE BANK, N.A., a national association; CHASE BANK USA, N.A., a national association; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 09-00261 SBA (EMC)<br><br><u>CLASS ACTION</u><br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Judge: Hon. Saundra B. Armstrong |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

STIPULATED
PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

**ADDITIONAL PLAINTIFF'S COUNSEL**

KENNETH H. YOON State Bar No. 198443
LAW OFFICES OF KENNETH H. YOON
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

LARRY W. LEE State Bar No. 228175
DIVERSITY LAW GROUP, A Professional Corporation
444 S. Flower Street
Citigroup Center • Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Attorneys for Plaintiff
NICOLE VILLEGAS

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

1

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material so entitled, Plaintiff Nicole Villegas ("Plaintiff") and Defendants JPMorgan Chase Bank, N.A. ("Chase"), JPMorgan Chase & Co., Chase Bank USA, N.A. collectively, "Defendants"), by and through their respective counsel of record named herein, hereby jointly move this Court to enter this Stipulated Protective Order.

WHEREAS, the parties are engaged in discovery that will require the production of non-public, confidential, proprietary and trade secret information of Defendants, including without limitation, information and documents regarding Defendants' products, selling and marketing practices, disciplinary practices, compensation practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Defendants' current and former agents, employees and customers; and

WHEREAS, the parties have met and conferred in good faith and agree that a stipulated protective order is necessary to protect Defendants' proprietary and trade secret information and private information regarding current and former agents, employees and customers of Defendants;

THEREFORE, IT IS STIPULATED AND AGREED, by and between Plaintiff and Defendants and their respective undersigned counsel of record that:

1. **DEFINITIONS**

    1.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3   "CONFIDENTIAL" Information or Items: For purposes of this Stipulated Protective Order, the Producing Party may designate as Confidential any information it believes to be Confidential Information, or any document containing such information. Confidential

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1            2            STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

Information means Trade Secrets, confidential and proprietary business and financial information, and confidential personal information, including, without limitation: (1) non-public information about any individual or individuals, including personnel records, evaluations, compensation levels, databases, surveys, statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; (2) non-public information about any client or customer of Defendants, including financial information; and (3) information and documents regarding Defendants' products, selling and marketing practices, disciplinary practices, compensation practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Defendants' current and former agents, employees and customers. A "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1.4     "ATTORNEYS ONLY" Information or Items: For purposes of this Stipulated Protective Order, the Producing Party may designate as "Attorneys Only" certain information or items that shall be disclosed only to attorneys for either party to this action, including in-house counsel, their secretarial and legal assistants, and consultants or experts retained by the parties or their attorneys for purposes of this litigation. No documents or information designated "ATTORNEYS ONLY" shall be disclosed to any party to this action, any putative class member as defined in the operative complaint in this action, any third-party, or to any officer, director, or employee of any party or third-parties, except by written stipulation of the parties or by order of the Court.

1.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

3

STIPULATED
PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

1.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS ONLY."

1.8     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS ONLY." Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the "CONFIDENTIAL" or "ATTORNEYS ONLY" material.

1.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10    House Counsel: attorneys who are employees of a Party.

1.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

1.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, examining, sorting data in any form or medium; etc.) and their employees and subcontractors.

2.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

3.  **DESIGNATING PROTECTED MATERIAL**

3.1     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.1(a), below), or as otherwise stipulated or ordered,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/21123781.1

4

STIPULATED
PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS ONLY" clearly on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" or "ATTORNEYS ONLY" markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS ONLY" designation clearly on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" or "ATTORNEYS ONLY" markings in the margins).

(b) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that it intends to designate as "CONFIDENTIAL" or "ATTORNEYS ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

5

STIPULATED
PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

"CONFIDENTIAL" or "ATTORNEYS ONLY" protection is sought. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. During the pendency of the thirty-day period, and until a final transcript incorporating all specified confidentiality or attorneys-only designations is provided by the court reporter, the Parties shall treat all portions of the testimony as "CONFIDENTIAL" or "ATTORNEYS ONLY." After the final transcript incorporating all specified confidentiality or attorneys-only designations is provided by the court reporter, the Parties agree to destroy all copies of any interim transcripts containing incomplete confidentiality or attorneys-only designations.

Transcript pages containing Protected Material must be separately marked by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS ONLY." If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" or "ATTORNEYS ONLY" markings in the margins).

3.2  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/21123781.1

6

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

4. **CHALLENGING CONFIDENTIALITY OR ATTORNEYS-ONLY DESIGNATIONS**

4.1 <u>Timing of Challenges</u>. A Party who seeks to challenge a Designating Party's confidentiality or attorneys-only designation should do so promptly after receiving the information which the Receiving Party believes may have been improperly designated as "CONFIDENTIAL" or "ATTORNEYS ONLY."

4.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality or attorneys-only designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality or attorneys-only designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

4.3 <u>Judicial Intervention</u>. Any dispute relating to this Stipulated Protective Order, including a challenge to a confidentiality or attorneys-only designation or the inadvertent disclosure of work product or attorney-client material, shall be raised by a regularly-noticed motion to the Court in accordance with Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). In making or opposing any motion relating to the designation of "CONFIDENTIAL" or "ATTORNEYS ONLY" material, the party seeking to maintain a document as confidential or attorneys-only shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

5. **ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

7

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2     Disclosure of "CONFIDENTIAL" Information or Items. Subject to the limitations set forth in Section 10 of this Order, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)     the Court and its personnel subject to the filing procedures set forth herein;

(e)     court reporters and their staffs subject to the provisions regarding deposition set forth herein;

(f)     the Receiving Party's professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any witness who does not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or exhibits marked as "CONFIDENTIAL"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

8

STIPULATED
PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

under the terms of this Stipulated Protective Order in the offices of the appropriate court reporter or in the offices of the disclosing party and such witness shall not be entitled to copies of pages or exhibits marked as "CONFIDENTIAL" under the terms of this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Notwithstanding the above, an individual may be shown his/her own employment file, or documents or information relating to his/her own time records and/or paystubs that is marked as "CONFIDENTIAL" without any requirement to sign the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   (h) the author of the document or the original source of the information.

 5.3 <u>Disclosure of "ATTORNEYS ONLY" Information or Items</u>. Subject to the limitations set forth in Section 10 of this Order, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS ONLY" only to:

   (a) the Receiving Party's attorneys in this action, including in-house counsel, as well as their secretarial and legal assistants to whom disclosure is reasonably necessary for this litigation;

   (b) Experts (as defined in this Order) of the Receiving Party who have been retained by the parties or their attorneys and to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   (c) the Court and its personnel subject to the filing procedures set forth herein;

   (d) court reporters and their staffs subject to the provisions regarding deposition set forth herein;

   (e) the Receiving Party's professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any witness who does not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or exhibits marked as "ATTORNEYS ONLY" under the terms of this Stipulated Protective Order in the offices of the appropriate court reporter or in the offices of the disclosing party and such witness shall not be entitled to copies of pages or exhibits marked as "ATTORNEYS ONLY" under the terms of this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Notwithstanding the above, an individual may be shown his/her own employment file, or documents or information relating to his/her own time records and/or paystubs that is marked as "ATTORNEYS ONLY" without any requirement to sign the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (g) the author of the document or the original source of the information.

    5.4 Notwithstanding any other provisions of this Stipulated Protective Order, it has no effect upon, and its scope shall not extend to, any Party's use of documents from its own files or its own Confidential/Attorneys-Only Information.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

10

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

1  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
2  caused the subpoena or order to issue.
3       The purpose of imposing these duties is to alert the interested parties to the existence of
4  this Protective Order and to afford the Designating Party in this case an opportunity to try to
5  protect its confidentiality interests in the court from which the subpoena or order issued.
6  7.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
7       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
8  Material to any person or in any circumstance not authorized under this Stipulated Protective
9  Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the
10 unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material;
11 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
12 this Order; and (d) request such person or persons to execute the "Acknowledgment and
13 Agreement to Be Bound" that is attached hereto as Exhibit A.
14 8.   **FILING PROTECTED MATERIAL**
15      Motion papers or other Court filings, including exhibits, that disclose Protected Material
16 shall be filed with an application to file the Protected Material under seal pursuant to Civil Local
17 Rule 79-5. In addition, papers referencing or relying upon Protected Material shall designate the
18 particular aspects that are "CONFIDENTIAL" or "ATTORNEYS ONLY" to enable the Court, in
19 drafting orders, to determine whether there is evidence which the Court should attempt not to
20 disclose. If the Receiving Party disputes a confidential or attorneys-only designation of motion
21 papers or exhibits, then the Receiving Party must notify the Designating Party of that dispute in
22 writing. If the parties are unable to resolve their dispute, either party may move the Court for an
23 order approving or removing the "CONFIDENTIAL" or "ATTORNEYS ONLY" designation.
24 The non-moving party may oppose such motion. In the interim, the designated material shall be
25 deemed Protected Material until the issue is resolved by the Court.
26 9.   **"CONFIDENTIAL" OR "ATTORNEYS ONLY" MATERIALS OFFERED AS**
27      **EVIDENCE AT TRIAL**
28      When offered in evidence at trial, Protected Material and information designated as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1                    11                STIPULATED
                                                    PROTECTIVE ORDER
                                                    CASE NO. CV 09-00261 SBA

1  "CONFIDENTIAL" or "ATTORNEYS ONLY" will become available to the public, unless good cause is shown to the district judge in advance of the scheduled trial date to proceed otherwise. In order to permit a Designating Party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Party at least forty-five (45) days prior to trial. Any party may then move the Court in advance of the trial for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" or "ATTORNEYS ONLY" and, if so, what protection, if any, may be afforded to such materials or information at trial.

10. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" or "ATTORNEYS ONLY" designation and become available to the public. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

11. **MISCELLANEOUS**

11.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/21123781.1

12

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

11.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 **Jurisdiction.** The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Stipulated Protective Order as the Court from time to time may consider appropriate, upon motion of any party or otherwise. The provisions of this Stipulated Protective Order regarding the use or disclosure of information designated as "CONFIDENTIAL" or "ATTORNEYS ONLY" will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.**

Dated: May 21, 2009

Respectfully Submitted,

MORGAN, LEWIS & BOCKIUS LLP

By ___/s/ Carrie A. Gonell___
Carrie A. Gonell
Attorneys for Defendants
JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., AND CHASE BANK USA, N.A.

Dated: May 21, 2009

Respectfully Submitted,

LAW OFFICES OF PETER M. HART

By ___/s/ Peter M. Hart___
Peter M. Hart
Attorneys for Plaintiff
NICOLE VILLEGAS

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

13

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address] declare that I have read in its entirety the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Villegas v. J.P. Morgan Chase & Co., et al*, Case No. CV 09-00261 SBA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and agree that the material covered by this Stipulated Protective Order shall be used exclusively for the purposes of this litigation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District Court of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

14

STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA

## ORDER

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, it is hereby ordered that the terms and agreement set forth in the Joint Motion for a Stipulated Protective Order, above, shall be, and hereby are, adopted by this Court.

IT IS SO ORDERED.

Date:  May 27, 2009
_____



IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21123781.1

15

STIPULATED
PROTECTIVE ORDER
CASE NO. CV 09-00261 SBA