UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE VILLEGAS, | No. C-09-0261 SBA (EMC) |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S MOTIONS TO COMPEL** |
| J.P. MORGAN CHASE & CO., *et al.*, | |
| Defendants. | **(Docket Nos. 35, 37)** |

_____/

Currently pending before the Court are two motions to compel filed by Plaintiff. In essence, Plaintiff seeks an order compelling Defendant to provide class-wide discovery. Plaintiff argues that such discovery is needed to support her anticipated motion for class certification.

For the reasons stated at the hearing on Plaintiff's motions, held on September 2, 2009, the Court concludes that, at this juncture, class-wide discovery shall be deferred. It is true that "'[t]he propriety of a class action cannot be determined in some cases without discovery'" such that often "'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). However, a court may refuse class-wide discovery where the plaintiff has failed to "advanc[e] a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

In the instant case, Defendant argues that Plaintiff cannot make a prima facie showing as to either adequacy or typicality/commonality. Because there appears to be an issue regarding these matters, the Court hereby orders as follows.

The Court shall first require Plaintiff to make a prima facie showing that she is an adequate class representative -- *i.e.*, that she was eligible for and earned commissions which were not counted as wages and that she was not paid for unused vacation. As argued by Plaintiff, this showing will be based on documents; there shall be no depositions at this juncture. The parties shall immediately meet and confer to determine whether additional documents need to be produced to Plaintiff to address the issue of adequacy. Any documents must be produced by Defendant no later than **September 9, 2009**. Thereafter, on **September 23, 2009**, the parties shall file cross-briefs on the issue of whether there is a prima facie case that Plaintiff is an adequate class representative. On **October 7, 2009, at 10:30 a.m.**, the Court shall hold a hearing on the cross-briefs.

Should Plaintiff establish a prima facie case on adequacy, then the Court shall proceed to the issue of whether there is a prima facie case on the issue of typicality/commonality -- *i.e.*, whether the practices complained of herein extended beyond Plaintiff and other "Loan Funders" to employees with other job titles and functions. On this issue, as above, there shall be document discovery but not depositions. The Court contemplates that only high-level documents -- *e.g.*, policy-and-procedure documents -- need be provided to Plaintiff on this issue. The parties shall include in the briefing scheduled above proposed discovery for this second stage of discovery (assuming Plaintiff makes a prima facie showing she is an adequate representative of the class).

///
///
///
///
///
///
///
///

Finally, should Plaintiff establish a prima facie case on typicality/commonality, then the Court shall permit, as the third phase of discovery, broader class-wide discovery, subject to the provisions of Rule 26(b).  Because the Court is deferring at this point class-wide discovery until Plaintiff makes the prima facie predicates described above, the Court does not rule on the issue of whether Defendant must provide to Plaintiff contact information for the class as defined in Plaintiff's complaint.

IT IS SO ORDERED.

Dated:  September 3, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3