UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE VILLEGAS,<br><br>        Plaintiff,<br><br>    v.<br><br>J.P. MORGAN CHASE & CO., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-09-0261 SBA (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY AND PRECLUSIVE SANCTIONS**<br><br>**(Docket No. 78)** |

On January 27, 2010, the Court held a hearing on a continuing discovery dispute between the parties as to whether Plaintiff has made a prima facie showing that she is an adequate class representative under Federal Rule of Civil Procedure 23. At the hearing, the Court ordered the production of the following documents.[1]

    (1)    Defendant shall produce the underlying loan files for the loans in which Plaintiff acted as the loan funder or closer. The documents shall be produced pursuant to a protective order. The parties are to meet and confer to determine whether certain information (*e.g.*, the social security numbers for the loan applicants) may be redacted from the loan files.

    (2)    To the extent it has not already done so, Defendant shall produce an unredacted copy of Exhibit F of the Kim declaration to Plaintiff. The exhibit shall be produced pursuant to a protective order.

---

[1] The Court notes that, at the hearing, Plaintiff stated that she did not need additional documents to be produced with respect to ITO (incidental time-off) and personal days.

1  (3) Defendant shall produce any internal e-mails, correspondence, or notes that discuss or reference Plaintiff working or planning to work on July 4, 2008.

(4) Defendant shall produce documents to support its contention that its payment of overtime complied with California Labor Code § 204(b).  For example, Defendant shall produce documents to support its contention that Plaintiff was paid overtime for the period July 16-31, 2008, on August 15, 2008.  Failure to produce any such documents shall preclude any reliance thereon.

Defendant shall produce the above documents by February 8, 2010.  Thereafter, the parties shall file cross-briefs by February 17, 2010, on the issue of whether or not Plaintiff has established a prima facie case that she is an adequate representative.[2]  The Court shall hold a hearing on the cross-briefs on February 24, 2010, at 10:30 a.m.

IT IS SO ORDERED.

Dated:  January 28, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[2] As the Court has previously held, even if Plaintiff makes a prima facie showing that she is an adequate representative, she will still have to make a prima facie showing on the issue of commonality under Rule 23.  Therefore, if Plaintiff makes a prima facie showing on adequacy, then the next issue for the parties (and the Court) will be the proper scope of discovery on the issue of commonality.