United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE VILLEGAS, | No. C-09-0261 SBA (EMC) |
| Plaintiff, | |
| v. | **ORDER RE CROSS-BRIEFS ON ADEQUACY** |
| J.P. MORGAN CHASE & CO., *et al.*, | |
| Defendants. | **(Docket Nos. 101, 104)** |
| _____/ | |

In accordance with the Court's order of March 9, 2010, the parties have filed cross-briefs on the issue of adequacy and discovery needed for Plaintiff's anticipated motion for class certification. The Court held a hearing on the matter on March 24, 2010. This order memorializes the Court's rulings and provides the reasoning for the rulings as necessary.

A.   Section 204 Claim

The Court orders Defendants to produce a sampling of the timekeeping and payroll records for the class as alleged by Plaintiff. More specifically, Defendants shall produce the records for the period August 2008 to the present for either 500 employees or 10% of the class as defined by Plaintiff, whichever is greater.

At this juncture, the Court shall not order records to be produced for a larger timeframe (*e.g.*, four years) because, *inter alia*, it is not clear that any employees' wages were actually forfeited (*i.e.*, not simply untimely paid) and, even if they were, it is not clear that Plaintiff's wages in particular were actually forfeited. However, the Court does not bar Plaintiff from seeking records beyond the

1    timeframe specified above upon a showing of good cause (*e.g.*, showing that Plaintiff has standing to
2    assert viable claims other than a PAGA claim to which a longer limitations period applies).

3    B.       Personal Days Claim

4            As the Court reads the personal days policy, a new employee who completes the Introductory
5    Period but who is not still working for Defendants on January is not granted any personal days.
6    Defendants have represented that this is how the policy in fact works. Defendants have also
7    admitted that this policy was applicable to Plaintiff. Accordingly, the Court finds that Plaintiff has
8    made a prima facie showing that she is an adequate representative for the personal days claim.

9            To the extent Defendants argue that the personal days claim is not legally viable, this Court
10   is not in a position to make that determination. That is for the assigned judge to decide, particularly
11   because whether or not the policy is lawful is a debatable question given *Suastez v. Plastic Dress-Up*
12   *Co.*, 31 Cal. 3d 774 (1982), and *Owen v. Macy's, Inc.*, 175 Cal. App. 4th 462 (2009).

13           The next question for the Court is, now that Plaintiff has made a prima facie showing, what
14   discovery is needed for her to prepare for the anticipated motion for class certification. The Court
15   finds it doubtful that any additional discovery is needed. Defendants have made representations how
16   the policy works; presumably, that policy is uniformly applied and therefore numerosity and
17   commonality/typicality are not likely to be an issue.

18           At the hearing, Plaintiff argued that she still needs additional discovery on the size of the
19   class and on what Defendants' actual practices are with respect to personal days. According to
20   Plaintiff, it is her understanding that personal days have in fact been granted to employees pre-
21   January once they have completed the Introductory Period. How this affects Plaintiffs' case for
22   class certification -- *i.e.*, on commonality/typicality -- is not clear.

23           Although Plaintiff did not address this problem at the hearing, she did take the position that
24   the discovery to be produced for the § 204 claim would be adequate for the discovery for the
25   personal days claim. In light of this position, the Court need not make any further ruling on the
26   personal days claim. The documents produced pursuant to Section A above will be relevant to class
27   certification here.

28

C. <u>Section 226 Claim</u>

At the hearing, the parties agreed that it would be beneficial to further meet and confer to determine whether they could reach any stipulations that would obviate the need for discovery -- *e.g.*, a stipulation as to what Defendants' practices were which would leave only the legal issue for the assigned judge as to whether those practices conformed with, *e.g.*, the DSLE opinion referenced by Plaintiff. *See* Docket No. 96 (Yoon Decl., Ex. F) (DLSE Op. at 3-4) (stating that it is not "permissible under section 226 to list 86.67 hours in the itemized wages statement when that is not a precise reflection of the number of hours worked in the pay period" but adding that one "possible solution" "if the employer decides to continue its practice of making advance payments" would be for corrections to be made on the paystub for the next regular paycheck). The Court therefore directs the parties to further meet and confer on this matter. The Court also notes that the production being ordered for the § 204 claim also should provide information relevant to class certification of this § 226 claim.

D. <u>Summary</u>

At this juncture, Defendants shall produce only the timekeeping and payroll records as described above. Defendants shall produce the documents by **May 7, 2010**.

With respect to the meet and confer, the parties shall file a status report by **April 7, 2010**, to inform the Court of whether any stipulations were reached and, if not, what disputes remain. The status report shall be no longer than five single-spaced pages.

This order disposes of Docket Nos. 101 and 104.

IT IS SO ORDERED.

Dated: March 26, 2010

EDWARD M. CHEN
United States Magistrate Judge

3