PETER M. HART, State Bar No. 198691
AMBER S. HEALY (State Bar No. 232730)
KATHERINE M. COPELAND (State Bar No. 281662)
**LAW OFFICES OF PETER M. HART**
12121 Wilshire Blvd., Ste. 205
Los Angeles, California 90025
Tel.:   (310) 207-0109
Fax.:  (509) 561 - 6441
Email: hartpeter@msn.com

ERIC HONIG (State Bar No. 140765)
**LAW OFFICE OF ERIC HONIG**
P.O. Box 10327
Marina del Rey, California 90295
Telephone:  (310) 314-2603
Facsimile:  (310) 314-2793
erichonig@aol.com

Attorneys for Plaintiff Nicole Villegas

\*   Additional Plaintiff's Counsel Listed
     On Following Page

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE VILLEGAS, as an individual and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; J.P. MORGAN CHASE BANK, N.A., a national association; CHASE BANK USA, N.A., a national association; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.:  CV 09-00261 SBA<br><br>**AMENDED ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT**<br><br>Date:     May 21, 2013<br>Time:    1:00 p.m.<br>Ctrm:    1 |

Additional Counsel for Plaintiff:

LARRY W. LEE
**DIVERSITY LAW GROUP, A Professional Corporation**
550 S. Hope St., Suite 2655
Los Angeles, CA 90071
(213) 488 – 6555
(213) 488 – 6554 facsimile
lwlee@diversitylaw.com

Kenneth H. Yoon (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
kyoon@yoonlaw.com

1   This matter came before this Court on the Plaintiff's Motion for Final Approval of Class
2   Action Settlement and Motion for Approval of Attorneys' Fees, Costs and Class Representative
3   Enhancement (collectively "Final Approval Motions").
4   WHEREAS, a class action is pending before the Court entitled *Nicole Villegas, et. al. vs.*
5   *J.P. Morgan Chase & Co., et. al,* Case Number CV 09-00261 SBA;
6   WHEREAS, the Court has received and reviewed the Settlement Agreement entered into
7   between the Class Representative, on the one hand, and Defendants, on the other hand, dated on
8   or about October 20, 2011 (the "Settlement Agreement"), and has considered the terms of the
9   proposed settlement set forth therein (the "Settlement");
10  WHEREAS, all terms contained herein shall have the same meanings as set forth in the
11  Settlement Agreement, unless otherwise defined herein;
12  WHEREAS, on November 21, 2012, the Court entered its order preliminarily approving
13  the Settlement of this class action, approving the form and method of notice, and setting a date
14  and time for a fairness hearing to consider whether the Settlement should be finally approved by
15  the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and
16  reasonable (the "Preliminary Approval Order");
17  WHEREAS, the Preliminary Approval Order further directed that all Settlement Class
18  Members be given notice of the Settlement and of the date for the final fairness hearing;
19  WHEREAS, the Court has received the declaration of Abel Morales of CPT Group, Inc.,
20  the Claims Administrator, attesting to the mailing of the Notice in accordance with the
21  Preliminary Approval Order;
22  WHEREAS, there have been no objections filed to the Settlement, or the request for
23  attorneys' fees, litigation costs, and Class Representative Enhancement; and
24  WHEREAS, the Court having conducted a final fairness hearing on May 21, 2013 (the
25  "Fairness Hearing"), and having considered the arguments presented, all papers filed and all
26  proceedings had therein;
27  IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS
28  FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, and Defendants.

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all Settlement Class Members have been given proper and adequate notice of the Settlement.  Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, substantial discovery, motion practice, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

   (a) the strength of the Plaintiffs' case;

   (b) the risk, expense, complexity and likely duration of further litigation;

   (c) the risk of maintaining class action status throughout the trial;

   (d) the amount offered in settlement;

   (e) the extent of discovery completed, and the stage of the proceedings;

   (f) the experience and views of counsel; and

   (g) the reaction of the class members to the proposed settlement. *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993).

4. The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the

1  Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the
2  exclusive benefit of the Settlement Class Members.  The Parties are directed to consummate the
3  Settlement Agreement in accordance with its terms.
4      5.   The Court APPROVES payment of the Settlement Fund in accordance with the terms of
5  the Settlement Agreement.
6      6.   The Court APPROVES payment of Class Representative Enhancement Award to Nicole
7  Villegas in the amount of $5,000.00.
8      7.   The Court APPROVES payment of Attorneys' Fees in the amount of $2,306,250.00 and
9  Costs in the amount of $60,000.00 to Class Counsel in accordance with the terms of the
10 Settlement Agreement.
11     8.   The Court APPROVES payment of fees to the Claims Administrator, CPT Group, Inc.
12 for administration of this Settlement in the amount of $110,000.00 in accordance with the terms
13 of the Settlement Agreement.
14     9.   The Court APPROVES payment of $50,000.00 to the California Labor Workforce &
15 Development Agency ("LWDA") for settlement of the Private Attorney General Act penalties;
16     10. The allocation plan is hereby APPROVED as fair, adequate, and reasonable.  The Class
17 Settlement Fund, Class Representative Enhancement Award, Claims Administrator fees,
18 payment to the LWDA, and Attorneys' Fees and Costs Amount shall be distributed in
19 accordance with the terms of the Settlement Agreement and any further orders of this Court.
20     11. The litigation is DISMISSED WITH PREJUDICE and without costs to any Party, other
21 than as specified in the Settlement Agreement and this Order.
22     12. In consideration of the Class Settlement Fund, and for other good and valuable
23 consideration, each of the Settlement Class Members who have not excluded himself/herself
24 from this Settlement shall, by operation of this Judgment, have fully, finally, and forever
25 released, relinquished, and discharged all claims against Defendants in accordance with the terms
26 of the Settlement Agreement and as the released claims are defined in the Settlement.
27     13. This Judgment is the Final Judgment in the suit as to all Settlement Class Members who
28 have not excluded himself/herself from this Settlement.

14. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over: (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Fund, the Class Representative Enhancement Award, Claims Administrator fees, LWDA payment, and the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement Class Members.

15. In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Class Members, and Defendants.

16. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated this 17TH day of _JUNE, 2013.

BY THE COURT:

*Saundra B. Armstrong*
The Honorable Saundra B. Armstrong